**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

1. Prosperity Bank, a Texas banking association, successor by merger to The F&M Bank & Trust Company,

     Plaintiff,

v.

1. Quinn Investments Limited Partnership a/k/a Quinn Investments, LP, an Arkansas limited partnership;
2. Quinn Management Company, Inc., an Arkansas corporation;
3. RX Finance LLC, an Arkansas limited liability company;
4. Rock Exploration LLC, an Arkansas limited liability company;
5. Rock Oil & Gas, LLC, an Arkansas limited liability company;
6. Q F Holdings, LLC, an Arkansas limited liability company;
7. L. Walter Quinn, III a/k/a L. Walter Quinn;
8. The Quinn Living Trust dated August 31, 2009; and
9. Walter Quinn Irrevocable Family Heritage Trust dated November 11, 2009,

     Defendants.

Case No. 14-CV-727-GKF-FHM

## AGREED JUDGMENT

Before the Court is the *Motion for Summary Judgment and Brief in Support* filed on April 30, 2015 by the Plaintiff, Prosperity Bank ("Prosperity") [Doc. #19] (the "Motion"). This *Agreed Judgment* is entered with the agreement of the parties and the signatures of their counsel of record below.

Page 1

In consenting to the entry of this *Agreed Judgment*, the Defendants have agreed to waive their defenses and confess the facts alleged and relief sought in Prosperity's *Complaint* and the Motion. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action. There is complete diversity of citizenship between Prosperity and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

As agreed by the parties, the Court finds and concludes as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      References herein to "Prosperity" shall, as to the time prior to the merger between Prosperity and The F&M Bank & Trust Company ("F&M"), mean F&M. Due to the merger, Prosperity has standing to assert its claims in this action.

2.      This is an action to collect on two matured loans made by Prosperity to Defendant Quinn Investments Limited Partnership a/k/a Quinn Investments, LP ("Quinn Investments") and guaranteed by Defendants RX Finance, LLC ("RX Finance"), Rock Exploration, LLC ("Rock Exploration"), Q F Holdings, LLC ("Q F Holdings"), the Quinn Living Trust dated August 31, 2009 (the "Quinn Living Trust"), the Walter Quinn Irrevocable Family Heritage Trust dated November 11, 2009 (the "Quinn Heritage Trust"), and L. Walter Quinn ("Walter Quinn"). The loans are secured by liens encumbering, *inter alia*, all the assets of Quinn Investments, 100% of the issued and outstanding limited liability company membership interests in Q F Holdings, 100% of the issued and outstanding general partnership interest in Quinn Investments, 100% of the issued and outstanding limited liability company membership interests in

RX Finance, 50% of the issued and outstanding limited liability company membership interests in Rock Exploration, and 1,293.29 shares of common stock of RAAM Global Energy Company.

**Loan 115471:**

3.       On or about September 28, 2012, Quinn Investments, for good and valuable consideration, made, executed, and delivered to Prosperity that certain *Promissory Note* ("Note 115471") in the principal amount of $14,689,563.84, bearing interest at the rate therein and having a maturity date of March 28, 2013, pursuant to and as contemplated by that certain *Amended and Restated Term Loan Agreement* (the "Loan 115471 Agreement") of the same date between Prosperity, Quinn Investments, RX Finance, Rock Exploration, Q F Holdings, Walter Quinn, and the Quinn Living Trust.

4.       Prior to execution of the Loan 115471 Agreement and Note 115471, RX Finance was the borrower under Loan 115471, and Walter Quinn and Rock Exploration were its guarantors.  Pursuant to, *inter alia*, the Loan 115471 Agreement, Note 115471, and that certain *Loan Assumption Agreement* (the "Loan Assumption") executed on or about September 28, 2012, Loan 115471 was assumed by Quinn Investments.  Also, pursuant to and as contemplated by the Loan Assumption and the Loan 115471 Agreement, Walter Quinn and Rock Exploration (and others) executed that certain *Ratification of and Amendment to Guaranty Agreements and Mortgages, Waiver and Release* (the "Ratification and Amendment"), also dated September 28, 2012, pursuant to

which Rock Exploration and Walter Quinn ratified and confirmed their prior guaranty agreements given to guarantee payment of Loan 115471.

5.     Concurrently with the execution of the Loan 115471 Agreement and Note 115471, RX Finance, Q F Holdings, and the Quinn Living Trust each made, executed, and delivered to Prosperity its *Guaranty Agreement*, whereby they each (in addition to Walter Quinn and Rock Exploration, who previously guaranteed such indebtedness) absolutely and unconditionally guaranteed the payment of all indebtedness of Quinn Investments to Prosperity (respectively, the "RX Finance Guaranty," "Q F Holdings Guaranty," and "Quinn Living Trust Guaranty").

6.     Pursuant to the Loan 115471 Agreement, at paragraph 6.31, if Note 115471 was not paid or satisfied in full on or before December 31, 2012, Quinn Investments was required to, and to cause the other parties to the Loan 115471 Agreement to take the necessary action to, have the Quinn Heritage Trust execute a guaranty agreement satisfactory to Prosperity.  Note 115471 was not paid or satisfied in full on or before December 31, 2012.  Therefore, on or about February 15, 2013, the Quinn Heritage Trust made, executed, and delivered to Prosperity its *Guaranty Agreement*, whereby it absolutely and unconditionally guaranteed the payment of all indebtedness of Quinn Investments to Prosperity (the "Heritage Trust Guaranty").

7.     On or about April 19, 2013, Prosperity, Quinn Investments, RX Finance, Rock Exploration, Q F Holdings, Walter Quinn, the Quinn Living Trust, the Quinn Heritage Trust, and Quinn Management (collectively, the "Loan 115471 Parties"),

entered into that certain *Amendment to Amended and Restated Term Loan Agreement, Joinder Agreement and Amendment to Loan Documents* ("First Loan 115471 Amendment").

8.     On or about July 31, 2013, the Loan 115471 Parties entered into that certain *Second Amendment to Amended and Restated Term Loan Agreement and Amendment to Loan Documents* (the "Second Loan 115471 Amendment").

9.     On or about October 28, 2013, the Loan 115471 Parties entered into that certain *Third Amendment to Amended and Restated Term Loan Agreement and Amendment to Loan Documents* (the "Third Loan 115471 Amendment").

10.    Concurrently with the execution of the Third Loan 115471 Amendment, Quinn Investments, for good and valuable consideration, made, executed, and delivered to Prosperity that certain *Second Amended and Restated Promissory Note* (the "Amended and Restated Note 115471") in the principal amount of $3,464,563.84, bearing interest at the rate therein and having a maturity date of August 28, 2014.  The Amended and Restated Note 115471 replaced Note 115471.

11.    The Amended and Restated Note 115471 has matured by its terms and remains unpaid.  There is currently due and owing to Prosperity under the Amended and Restated Note 115471 the sum of $2,839,708.35 in principal, plus accrued interest of $45,468.65 as of November 2, 2015, plus default interest thereafter at the per diem rate of $729.6473, plus all attorneys' fees and expenses incurred by Prosperity in its efforts to collect from and after August 1, 2015 (the "Note 115471 Indebtedness").

12.    To secure the repayment of, *inter alia*, the Note 115471 Indebtedness, Quinn Investments made, executed, and delivered to Prosperity that certain *Security*

*Agreement and Assignment* dated September 28, 2012 (the "Security Agreement") whereby, among other things, it granted security interests to Prosperity in all of its assets, including, *inter alia*, all of its accounts, rights to payment of money, chattel paper, fixtures, equipment, inventory, documents and instruments, general intangibles, letter of credit rights, investment property, and securities, including but not limited to 100% of the issued and outstanding limited liability company membership interests in Q F Holdings (collectively, the "Quinn Investments Collateral").  A complete list of the Quinn Investments Collateral is included in the Security Agreement.[1]

13.    To further secure the repayment of, *inter alia*, the Note 115471 Indebtedness, Walter Quinn and Quinn Management made, executed, and delivered to Prosperity that certain *Equity Interest Pledge Agreement* dated September 28, 2012 (the "Equity Pledge Agreement") whereby, among other things:

a.    Quinn Management granted security interests to Prosperity in, *inter alia*, 100% of the issued and outstanding general partnership interest in Quinn Investments; and

b.    Walter Quinn granted security interests to Prosperity encumbering, *inter alia*:

i.    1,293.29 shares of common stock of RAAM Global Energy Company, a Delaware corporation (the "Shares");

ii.    100% of the issued and outstanding limited liability company membership interests in RX Finance; and

iii.    50% of the issued and outstanding limited liability company membership interests in Rock Exploration.

---

[1]    A copy of the Security Agreement is attached to the Motion as Exhibit "M".

(collectively, the "Walter Quinn and Quinn Management Collateral"; together with the Quinn Investments Collateral, the "Collateral").  A complete list of the Walter Quinn and Quinn Management Collateral is included in the Equity Pledge Agreement.[2]

14.     The Collateral secures repayment of the Note 115471 Indebtedness and the Note 7040097806 Indebtedness (defined below).

15.     Prosperity properly perfected its security interests in the Collateral no later than October 3, 2012 by, among other things, filing financing statements with the Arkansas Secretary of State.

**Loan 7040097806:[3]**

16.     On or about June 28, 2010, Quinn Investments, for good and valuable consideration, made, executed and delivered to Prosperity that certain *Promissory Note* ("Note 7040097806") in the principal amount of $3,000,000, bearing interest at the rate therein and having a maturity date of June 28, 2012, pursuant to and in accordance with that certain *Loan Agreement* (the "Loan 7040097806 Agreement") of the same date between Quinn Investments and Prosperity.

17.     Concurrently with the execution of the Loan 7040097806 Agreement, Walter Quinn made, executed, and delivered to Prosperity his *Guaranty Agreement*, whereby he absolutely and unconditionally guaranteed the payment of all indebtedness of Quinn Investments to Prosperity under, *inter alia*, the Loan 7040097806 Agreement (the "Walter Quinn Loan 7040097806 Guaranty").

---

[2]      A copy of the Equity Pledge Agreement is attached to the Motion as Exhibit "N".
[3]      Prosperity, in its *Complaint*, inadvertently referred to Loan 704007040097806 as Loan 97806.  The correct number associated with this loan is 7040097806.

18.     On June 28, 2012, Quinn Investments executed that certain *Change in Terms Agreement* (the "First Change in Terms Agreement"), which, *inter alia*, extended the maturity date of Note 7040097806 to September 28, 2012.

19.     On September 28, 2012, Quinn Investments executed that certain *Change in Terms Agreement* (the "Second Change in Terms Agreement"), which, *inter alia*, further extended the maturity date of Note 7040097806 to November 28, 2012.

20.     On or about November 28, 2012, Prosperity and Quinn Investments entered into that certain *First Amendment to Loan Agreement* (the "Loan 7040097806 Amendment"), which, *inter alia*, recited a principal balance then due and owing of $2,550,000, and extended the maturity date of Note 7040097806 to March 28, 2013. Subject to applicable provisions of the Loan 7040097806 Amendment, the maturity date of Note 7040097806 was subsequently further extended to September 28, 2014.

21.     Note 7040097806, as amended, has matured by its terms and remains unpaid.  There is currently due and owing to Prosperity under Note 7040097806, as amended, the sum of $2,043,144.55 in principal, plus accrued interest of $31,668.74 as of November 2, 2015, plus default interest thereafter at the per diem rate of $510.7861, plus all attorneys' fees and expenses incurred by Prosperity in its efforts to collect from and after August 1, 2015 (collectively, the "Note 7040097806 Indebtedness").

22.     To secure the repayment of the Note 7040097806 Indebtedness, Prosperity, Walter Quinn, and Rock Oil entered into that certain *Stock Pledge Agreement* dated

June 28, 2010, whereby, among other things, Quinn granted security interests to Prosperity in, *inter alia*, the Shares, and Rock Oil & Gas, LLC joined as a party to the *Stock Pledge Agreement* and granted a security interest in the Shares in recognition of the Distribution Agreement attached to the *Stock Pledge Agreement* that contemplated the distribution of the Shares to Walter Quinn on or about September 30, 2010.  A complete list of the collateral covered by the *Stock Pledge Agreement* is included in the *Stock Pledge Agreement*.[4]  The *Stock Pledge Agreement* also secures repayment of the Note 115471 Indebtedness.

## FIRST CAUSE OF ACTION
### *(Note 115471)*

23.     Note 115471 has matured by its terms and has not been paid in full.

24.     Quinn Investments, as borrower, is liable to Prosperity for the full amount of the Note 115471 Indebtedness.

## SECOND CAUSE OF ACTION
### *(RX Finance Guaranty)*

25.     Note 115471 has matured by its terms and has not been paid in full.

26.     Pursuant to the RX Finance Guaranty, RX Finance is liable for the full amount of the Note 115471 Indebtedness and the Note 7040097806 Indebtedness.

## THIRD CAUSE OF ACTION
### *(Rock Exploration Guaranty)*

27.     Note 115471 has matured by its terms and has not been paid in full.

---

[4]     A copy of the *Stock Pledge Agreement* is attached to the Motion as <u>Exhibit "X"</u>.

28.     Pursuant to the Ratification and Amendment and its guaranty agreement, Rock Exploration is liable for the full amount of the Note 115471 Indebtedness and the Note 7040097806 Indebtedness.

## FOURTH CAUSE OF ACTION
### *(Q F Holdings Guaranty)*

29.     Note 115471 has matured by its terms and has not been paid in full.

30.     Pursuant to the Q F Holdings Guaranty, Q F Holdings is liable for the full amount of the Note 115471 Indebtedness and the Note 7040097806 Indebtedness.

## FIFTH CAUSE OF ACTION
### *(Quinn Living Trust Guaranty)*

31.     Note 115471 has matured by its terms and has not been paid in full.

32.     Pursuant to the Quinn Living Trust Guaranty, the Quinn Living Trust is liable for the full amount of the Note 115471 Indebtedness the Note 7040097806 Indebtedness.

## SIXTH CAUSE OF ACTION
### *(Walter Quinn Loan 115471 Guaranty)*

33.     Note 115471 has matured by its terms and has not been paid in full.

34.     Pursuant to the Ratification and Amendment and his guaranty agreement, Walter Quinn is liable for the full amount of the Note 115471 Indebtedness and the Note 7040097806 Indebtedness.

## SEVENTH CAUSE OF ACTION
### *(Heritage Trust Guaranty)*

35.     Note 115471 has matured by its terms and has not been paid in full.

36.     Pursuant to the Heritage Trust Guaranty, the Quinn Heritage Trust is liable for the full amount of the Note 115471 Indebtedness and the Note 7040097806 Indebtedness.

## EIGHTH CAUSE OF ACTION
### *(Security Agreement)*

37.     Prosperity's security interests in the Quinn Investments Collateral were perfected no later than October 3, 2012.  Prosperity's security interests in the Quinn Investments Collateral are superior to the interests, if any, of each of the Defendants in this action.

38.     The Security Agreement is in default due to, *inter alia*, the failure of Quinn Investments to pay the full amount of the Note 115471 Indebtedness when due. Accordingly, Prosperity is entitled to foreclose its security interests in and to the Quinn Investments Collateral, and have the same liquidated to satisfy its claims.

## NINTH CAUSE OF ACTION
### *(Equity Pledge Agreement)*

39.     Prosperity's security interests in the Walter Quinn and Quinn Management Collateral were perfected no later than October 3, 2012.  Prosperity's security interests in the Walter Quinn and Quinn Management Collateral are superior to the interests, if any, of each of the Defendants in this action.

40.     The Equity Pledge Agreement is in default due to, *inter alia*, the failure of Quinn Investments to pay the full amount of the Note 115471 Indebtedness when due. Accordingly, Prosperity is entitled to foreclose its security interests in and to the Walter

Quinn and Quinn Management Collateral, and have the same liquidated to satisfy its claims.

### TENTH CAUSE OF ACTION
*(Note 7040097806)*

41.     Note 7040097806 has matured by its terms and has not been paid in full.

42.     Quinn Investments is liable to Prosperity for the full amount of the Note 7040097806 Indebtedness.

### ELEVENTH CAUSE OF ACTION
*(Walter Quinn Loan 7040097806 Guaranty)*

43.     Note 7040097806 has matured by its terms and has not been paid in full.

44.     Pursuant to the Walter Quinn Loan 7040097806 Guaranty, Walter Quinn is liable for the full amount of the Note 7040097806 Indebtedness.

### TWELFTH CAUSE OF ACTION
*(Stock Pledge Agreement)*

45.     Prosperity's security interests in the Stock are properly perfected and superior to the interests, if any, of each of the Defendants in this action.

46.     The Stock Pledge Agreement is in default due to, *inter alia*, the failure of Quinn Investments to pay the full amount of the Note 7040097806 Indebtedness when due.  Accordingly, Prosperity is entitled to foreclose its security interests in and to the Stock, and have the same liquidated to satisfy its claims.

### <u>RESERVATION OF RIGHTS</u>

47.     The Note 115471 Indebtedness and the Note 7040097806 Indebtedness are secured by additional mortgages, deeds of trust, pledges, and/or security interests not specifically referenced in this action.  The parties agree that Prosperity's rights, at a later

time and in another proceeding if Prosperity so desires or as required by law, to exercise all of its rights with respect to all such additional collateral and agreements, have been reserved.  Additionally, the parties agree that Prosperity's rights to pursue, at any time, any and all rights and remedies other than those specified or requested in this action, have likewise been reserved.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Prosperity is hereby granted judgment *in personam* against Quinn Investments, as borrower, and RX Finance, Q F Holdings, Rock Exploration, the Quinn Living Trust, the Quinn Heritage Trust, and Walter Quinn, as guarantors, jointly and severally, as follows:

Amended and Restated Note 115471:
- Principal                    $2,839,708.35
- Interest as of 11/2/15        $45,468.65
- Per Diem Interest (from and after November 2, 2015)  $729.6473

Note 7040097806:
- Principal                    $2,043,144.55
- Interest as of 11/2/15        $31,668.74
- Per Diem Interest (from and after November 2, 2015)  $510.7861

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Prosperity is hereby granted judgment foreclosing the security interests granted by the Security Agreement, Equity Pledge Agreement, and Stock Pledge Agreement.  The liens created thereby in favor of Prosperity are hereby determined to be good and valid liens encumbering the Quinn Investments Collateral, the Walter Quinn and Quinn Management Collateral, and the Shares, prior and superior to the interests of all the Defendants in this action, and all persons claiming under them since the filing of this action.  If the Note 115471 Indebtedness and Note 7040097806 Indebtedness are not paid, Prosperity's liens and security interests shall be foreclosed and Prosperity shall be

entitled to immediate possession of the Quinn Investments Collateral, the Walter Quinn and Quinn Management Collateral, and the Shares.  Upon application by Prosperity, the Quinn Investments Collateral, the Walter Quinn and Quinn Management Collateral, and the Shares shall be sold on terms to be approved by the Court, and the proceeds applied to the payment of the Note 115471 Indebtedness and Note 7040097806 Indebtedness, and all of Prosperity's costs, charges, expenses and attorneys' fees.  Any surplus following the sale shall be paid into Court subject to further order of the Court.

ENTERED the 12th day of November, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

**APPROVED AS TO FORM
AND CONTENT:**

/s/ Brandon C. Bickle
John Henry Rule, OBA #7824
Jeffrey D. Hassell, OBA #12325
John D. Dale, OBA #19787
Brandon C. Bickle, OBA #22064
GableGotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103
Telephone: 918.595.4800
Facsimile: 918.595.4990
jrule@gablelaw.com
jhassell@gablelaw.com
jdale@gablelaw.com
bbickle@gablelaw.com
*Attorneys for the Plaintiff*

/s/ James W. Rusher
James W. Rusher, OBA #11501
Heath E. Hardcastle, OBA #14247
ALBRIGHT, RUSHER & HARDCASTLE
2600 Bank of America Center
15 West Sixth Street
Tulsa, Oklahoma 74119
Telephone: (918) 583-5800
Facsimile: (918) 583-8665
jwrusher@arhlaw.com
*Attorneys for the Defendants*